IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSCAR TERRERO-OVALLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 20-156 (MN) |
| | ) |
| STATE OF DELAWARE, and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

Oscar Terrero-Ovalles – *Pro se* Petitioner.

Carolyn S. Hake, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

January 18, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Oscar Terrero-Ovalles ("Petitioner"). (D.I. 3; D.I. 4). The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 12) contemporaneously with a Motion to Dismiss. (D.I. 12-1). For the reasons discussed, the Court will grant the unopposed motions and deny the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

**I.      BACKGROUND**

> In May 2017, a Superior Court grand jury indicted [Petitioner] for five counts of drug dealing, five counts of aggravated possession, and one count of possession of drug paraphernalia. The charges stemmed from a drug investigation conducted by the Drug Enforcement Administration ("DEA") with assistance from a confidential informant. At [Petitioner's] preliminary hearing, defense counsel questioned the investigating DEA agent about why [Petitioner] came to the DEA's attention and how the DEA conducted its subsequent probe into [Petitioner's] activities. In the Superior Court, counsel moved to withdraw and appointed counsel entered his appearance. On November 13, 2017, [Petitioner] pleaded guilty to two counts of drug dealing. In exchange for his plea, the State entered a *nolle prosequi* on the remaining charges. The Superior Court immediately sentenced [Petitioner] to an aggregate of sixteen years of Level V incarceration to be suspended after four years, followed by probation. [Petitioner] did not appeal.
>
> In January 2018, [Petitioner] filed a motion to modify his sentence. The Superior Court denied the motion, noting that each drug dealing charge carried a minimum mandatory sentence of two years that could not be suspended. On October 19, 2018, [Petitioner] filed his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). [Petitioner] argued that (i) when he was arrested, the police did not show him an arrest warrant or read him his *Miranda* rights; (ii) the State's use of a confidential informant constituted entrapment, and the State's investigation was otherwise suspect; (iii) the drug quantities reflected in State's laboratory reports differed from the quantities listed in the indictment; (iv) his trial attorneys were ineffective for failing to raise those issues; and (v) his plea was null and void because appointed counsel led him to

> believe his final case review was his last case review date and that the State would not be offering another plea.
>
> The Superior Court denied the motion on January 20, 2019, finding that the majority of [Petitioner's] claims were procedurally barred under Rule 61(i)(3) and by his knowing and voluntary guilty plea. The Superior Court also held that [Petitioner] failed to show that trial counsel provided ineffective assistance of counsel.

*Terrero-Ovalles v. State*, 211 A.3d 1107 (Table), 2019 WL 2355019, at *1 (Del. June 3, 2019). The Delaware Supreme Court affirmed that decision. *Id*. at *3.

In papers dated December 17, 2019 and docketed on January 31, 2020, Petitioner seeks habeas relief from his 2017 conviction. (D.I. 3). The Court issued an initial AEDPA Order informing Petitioner of his rights under 28 U.S.C. § 2254 and attached a form application for federal habeas relief in order to provide him with an opportunity to clarify his intentions. (D.I. 6). Petitioner did not do so. In response to the Court's service Order (D.I. 7), the State filed a Motion for Leave to File a Motion to Dismiss along with its proposed motion to dismiss, asserting that the Petition should be dismissed as time-barred and, alternatively, for lack of subject matter jurisdiction because Petitioner has been released from custody and his vague assertions fail to warrant relief. (D.I. 12; D.I. 12-1). Petitioner did not file a response to the State's motions despite being informed of the opportunity to do so. (*See* D.I. 7 ¶ 5).

Having considered the State's unopposed Motion for Leave to File a Motion to Dismiss (D.I. 12) in conjunction with the record, the Court will grant the Motion for Leave to File a Motion to Dismiss. Additionally, for the reasons set forth below, the Court will grant the State's Motion to Dismiss (D.I. 12-1) and dismiss the Petition as time-barred.

**II.     ONE YEAR STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575,

3

578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on November 13, 2017, and he did not appeal. Therefore, his conviction became final on December 13, 2017. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Applying the one-year limitations period to that date, Petitioner had until December 13, 2018 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until December 17, 2019,[1] one year after that deadline.

Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

A. **Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An

---

[1] The Petition and the certificate of service contained therein are dated December 17, 2019. (D.I. 3 at 2). The time-stamp on the Petition is dated January 31, 2020 (D.I. 3 at 1), which is the same date on which the Petition was docketed. The papers docketed on January 31, 2020 also contain an envelope without a post-mark. Consequently, it is unclear if the Petition was electronically filed on January 31, 2020 or received via the mail on January 31, 2020. Since the Petition is time-barred using either date as the filing date (December 17, 2019 or January 31, 2020), the Court will exercise prudence and adopt December 17, 2019 as the filing date. (D.I. 1 at 15). *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on December 14, 2017 and ran for forty-eight days until Petitioner filed a motion for modification of sentence on January 31, 2018. The Superior Court denied the motion on February 28, 2018, and Petitioner did not appeal that decision. Consequently, the motion for modification of sentence tolled the limitations period from January 31, 2018 through March 30, 2018, which includes the thirty-day appeal period.

The limitations clock started to run again on March 31, 2018 and ran for 202 days until Petitioner filed his Rule 61 motion on October 19, 2018. The Superior Court denied the Rule 61 motion and the Delaware Supreme Court affirmed that decision on June 3, 2019. In these circumstances, the Rule 61 motion tolled the limitations period from October 19, 2018 through June 3, 2019.

The limitations clock started to run again on June 4, 2019 and ran the remaining 115 days without interruption until the limitations period expired on September 27, 2019. Thus, even after

applying the available statutory tolling, the Petition is time-barred, unless equitable tolling or the actual innocence exception apply.

### B. Equitable Tolling and Actual Innocence Exception to the Statute of Limitations

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

6

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151.

Petitioner does not assert that any extraordinary circumstance prevented him from filing the instant Petition in a timely manner, and he does not assert his actual innocence. Thus, the Court concludes that neither the doctrine of equitable tolling nor the actual innocence/equitable exception are available to Petitioner on the facts he has presented. Accordingly, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred.[2]

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

---

[2] Having decided to dismiss the instant Petition as time-barred, the Court will not address the State's additional reasons for denying the Petition. (*See* D.I. 12-1 at 13-17).

7

The Court has concluded that the instant Petition is time-barred and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, the Court will grant the State's Motion for Leave to Dismiss the Petition (D.I. 12) and its Motion to Dismiss the Petition as time-barred (D.I. 12-1) without holding an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.